HAEBLER et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. CARRIERS OF FREIGHT—SALE OF UNCLAIMED PERISHABLE GOODS—TROVER—DEFENSE—PLEADING.

Though, where the conversion of freight by a carrier consists simply of a detention after demand, the carrier may defend by proof of a lien for storage charges, yet, where the conversion consists of a wrongful sale as unclaimed perishable freight, under Laws 1899, p. 1294, c. 582, the amount of any such lien, if it is to be considered at all, must be pleaded in mitigation of damages.

Appeal from City Court of New York.

Action by Theodore Haebler and others against the New York Central & Hudson River Railroad Company. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles C. Paulding (Robert A. Kutschbock, of counsel), for appellant.

Nathan, Leventritt & Perham (Frederick E. Perham and Charles W. U. Sneed, of counsel), for respondents.

FREEDMAN, P. J. The freight charges for the goods for which conversion was brought having been paid in advance, the defendant upon the trial contended that the goods were "unclaimed perishable" freight, and as such it had the right to sell them without notice, under the statutory provisions authorizing such a sale under certain circumstances, and especially under chapter 582, p. 1294, Laws 1899. Although the proof clearly showed that the owners of the goods and their claim to them were known to the defendant, and that the owners' address was also known to it, the court left it to the jury to say, first, whether the goods were unclaimed; and, second, whether they were perishable. To this disposition of the case the defendant made no ob-

·jection, except by motion to .dismiss the complaint. ·The ·evidence would not have justified a ruling that, as matter of law, the goods were unclaimed perishable freight; and, the verdict of the jury having established that they were not in fact, the defendant is not protected by any of the statutory provisions invoked. No claim was·pleaded for storage charges as a counterclaim. True, if the conversion complained of consisted simply of a detention of the goods after demand of them by plaintiffs, the defendant could prove and defend.upon the ground that it had a right to detain the goods under a lien for storage charges, and that the plaintiffs had not offered to pay them.· The defendant in such a case has the right to detain the goods until his lien is discharged, and he is not bound to relinquish his. security. But where, as in the present case, the conversion consists of a wrongful taking and appropriation, the amount of the lien, if to be considered at all, must be pleaded in mitigation of damages.

Upon the whole case, no reversible error appears, and the judgment and order appealed from must be affirmed, with costs. All concur.